**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

**IN RE:  Torrence Company, Inc.**                    Case No. 06-30637-DOT
**dba "Torrence Rope & Sling"**
Chapter 11 Debtor in Possession

## MEMORANDUM OPINION AND ORDER

Hearing was held December 19, 2006, on the application for compensation filed by

Cantor Arkema, P.C., counsel for chapter 11 debtor Torrence Company, Inc.  The United States

Trustee submitted a limited objection to counsel's application.  For the reasons set forth below,

the application for compensation will be denied.

### Findings of Fact

On or about March 24, 2006, the debtor filed a voluntary petition for relief under Chapter

11 of the Bankruptcy Code.  Counsel for debtor filed its employment application on November

7, 2006, and amended it on December 18, 2006.  The original employment application sought

employment effective as of the date the application was filed. The amended employment

application seeks employment effective "as of March 24, 2006, the date of the commencement

of the Debtor's case."  The proposed order accompanying both the original and revised

employment applications requested employment as of March 24, 2006.  The United States

Trustee filed a limited objection to the application on November 24, 2006, objecting only to the

extent that counsel sought employment retroactive to the filing date.  No order approving

employment has been entered by the court.

Counsel filed its application for compensation on November 28, 2006, seeking

compensation in the amount of $6,487.75 and reimbursement of expenses of $126.89.  The fee

1

application requested fees and expenses from March 31, 2006, through October 27, 2006.

Counsel amended its application on December 18, 2006, to address the pre-petition use of funds

from the client's retainer to cover pre-petition fees. The United States Trustee objected to the

application for compensation on December 13, 2006, on the basis that it requested retroactive

compensation.

Conclusions of Law

This court is often placed in the undesirable position of adjudicating attorney fee

applications where, although effective work clearly has been performed by counsel, the court is

unable to award fees because of improprieties in employment or fee applications. This court has

previously ruled on several occasions that "[w]hen read together, §§ 330, 327 and Rule 2014(a)

clearly require that in order for an attorney or other professional to be awarded fees or costs

under § 330, the attorney or professional's employment must have been previously approved by

the bankruptcy court pursuant to § 327." In re Tamojira, Inc., 210 B.R. 702, 705 (Bankr. E.D.

Va. 1995); see In re Tidewater Memorial Hospital, Inc., 110 B.R. 221, 225 (Bankr. E.D. Va.

1989). In this case it is clear that Cantor Arkema's employment application was not approved,

nor even submitted, within a reasonable time after the date for which the firm first seeks

compensation. Therefore, absent other considerations, the fee application would be denied on

this basis alone.

The court may, however, award retroactive fees and costs when "extraordinary

circumstances" exist. See In re Tamojira, Inc., 210 B.R. at 705; see also In re Tidewater

Memorial Hospital, Inc., 110 B.R. at 225–26. The two factor test from In re Tidewater

determines whether such extraordinary circumstances exist. Retroactive employment can be

authorized only when: "(1) the professional satisfactorily explains the failure to obtain prior

2

approval of employment, and (2) the professional meets the requirements set forth in § 327 and rule 2014(a), aside from that of obtaining timely court appointment." In re Tamojira, Inc., 210 B.R. at 706 (citing In re Tidewater Memorial Hospital, Inc., 110 B.R. at 226). In this case it appears that, aside from the failure to obtain timely court appointment, Cantor Arkema has met the requirements of § 327 and rule 2014(a). Hence, the two-part test reduces to the single question of whether counsel's explanation for the failure to obtain prior approval is satisfactory to the court.

At the hearing, counsel offered several potential explanations for failing to seek employment as of the filing of the case. First, counsel stated that at the time of filing the petition, all parties were aware of their role as debtor's counsel. Second, counsel emphasized that the initial flurry of activity in the case, including emergency funding motions, contributed to the failure to properly apply for employment. Finally, counsel urged the court to distinguish this case from cases such as In re Tamojira and In re Tidewater where other negative factors contributed to the court's denial of fees. In each of those cases, conflicts of interest emerged later in the case which may have disqualified the professionals on the basis of § 327, had they been disclosed at the proper time. Counsel stated that no such conflicts issue had arisen in this case, and therefore it was "no harm, no foul." He noted that the firm has changed its procedures to prevent this issue from recurring in the future.

The court does not question that the services rendered by Cantor Arkema were beneficial to the debtor, nor does it find any bad faith or conflict of interest to disqualify counsel on that basis. Weighing all of the circumstances, however, it is impossible for the court to find satisfactory counsel's explanations for failure to timely file an employment application. Although there may indeed have been a high amount of activity at the beginning of this case,

3

counsel was still capable of filing the appropriate application for employment of an accountant. Likewise, the volume of activity in the first week after a Chapter 11 filing for a case that merits only $6400 in fees does not rise to the same level of magnitude as in larger cases, where the timely requirement still holds. Were the court to allow the flurry of first-week activity and emergency funding motions to count as extraordinary circumstances, the purpose behind requiring timely employment applications would be frustrated. Finally, even where all parties are aware of counsel's role representing the debtor, the formal employment application process must be followed in order to ensure proper notice.

Finding no satisfactory explanation for counsel's failure to timely file an employment application, Cantor Arkema's fee application will be denied.

Accordingly,

**IT IS ORDERED** that Cantor Arkema's application for compensation is DENIED; and

**IT IS FURTHER ORDERED** that the debtor's application to employ counsel is GRANTED, and the debtor is authorized to employ the firm of Cantor Arkema, P.C., under a general retainer at the firm's customary hourly rates and charges for comparable services, as the Debtor's legal counsel to perform such services as are actually and necessarily required to assist the debtor in the fulfillment of its duties and the operation of its business, effective as of the date of filing the application, November 7, 2006.

SIGNED: Jan 11 2007

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

Copy to:                          Entered on Docket:          Jan 11 2007

4

David K. Spiro, Esquire
Cantor Arkema, P.C.
P.O. Box 561
Richmond, Virginia 23218-0561
*Counsel for Debtor*

Robert B. Van Arsdale, Esquire
Assistant U.S. Trustee
Shannon D. Franklin, Esquire
Office of the United States Trustee
600 East Main Street, Suite 301
Richmond, Virginia 23219

5